UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FINANCIAL SERVICES VEHICLE TRUST, et al., )<br>)<br>Plaintiff(s), )<br>)<br>v. )<br>)<br>ADIR IONOV, )<br>)<br>Defendant(s). )<br>) | Case No. 2:12-cv-01577-GMN-NJK<br><br>ORDER REGARDING PERSONAL JURISDICTION |

Pending before the Court is Plaintiff's motion for entry of default judgment. Docket No. 12. The Court's personal jurisdiction over a defendant is generally a waivable defense that the Court does not raise *sua sponte*. *See* Fed. R. Civ. P. 12(h)(1). Nonetheless, "[w]hen entry of default judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999). Thus, after giving the plaintiff notice and an opportunity to assert jurisdictional facts, the Court may dismiss an action for lack of personal jurisdiction. *See id.* at 712-13.

In this case, Plaintiff alleges on "information and belief" that Defendant is a resident of Las Vegas, Nevada. *See* Compl. at ¶ 3. Based on the record before the Court, it appears that the relevant transactions related to the lease of the vehicle occurred in California. *See* Docket No. 13, Exh. 2 (listing lessor as McKenna BMW located in Norwalk, California). Moreover, it appears that Defendant sold his Las Vegas residence at roughly the same time he leased the vehicle. *See* Docket

No. 6, Exh. 1 (affidavit of diligence appearing to show that Defendant sold his property on or about October 29, 2009 to Jia Chi Xu). In short, it is not clear whether the record before the Court sufficiently demonstrates the Court's personal jurisdiction over Defendant.

Accordingly, no later than December 10, 2013, Plaintiff shall file supplemental papers explaining why the Court has personal jurisdiction over Defendant.

IT IS SO ORDERED.

DATED: November 25, 2013

_____
Nancy J. Koppe
United States Magistrate Judge